IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL BERNARD JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 115-137 |
| ) | |
| J. DARRELL HART, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254, and is proceeding *in forma pauperis* ("IFP"). The petition is currently before the Court on Respondent's motion to dismiss the petition as untimely. (Doc. no. 10.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 10), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

### I.   BACKGROUND

On May 8, 2009, a jury in Burke County convicted Petitioner of felony murder, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon, but acquitted him of malice murder. Jones v. State, 709 S.E.2d 773, n.1 (2011). Petitioner was sentenced to life imprisonment on the felony murder count and to five-year consecutive sentences on the two firearms counts. Id. On May 20, 2008, Petitioner filed a timely motion for new trial that was denied on July 12, 2010. Id. On July 29, 2010,

Petitioner filed a timely notice of direct appeal to the Georgia Supreme Court which affirmed his convictions on April 18, 2011. Id.

On June 21, 2011, Petitioner filed a petition for state habeas corpus relief in the Superior Court of Ware County. (Doc. no. 11-1.) The state habeas court denied the petition on February 14, 2013 after an evidentiary hearing. (Doc. no. 11-4, p. 14.) Petitioner filed an application for a Certificate of Probable Cause on February 27, 2013 but failed to file a notice of appeal with the state habeas court within thirty days as required by Georgia law. (Doc. nos. 11-5, 11-6.) As a result, the Georgia Supreme Court dismissed his application for lack of jurisdiction on April 20, 2015. (Doc. no. 11-6.) Petitioner filed the instant § 2254 petition on August 24, 2015 in which he alleges defects in his arraignment. (See generally doc. nos. 1.)

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply, the instant case is governed by § 2244(d)(1)(A). Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file an application for a writ of certiorari to the U.S. Supreme Court, his conviction became "final" when the ninety-day period to file a certiorari petition expired. Jimenez v. Quarterman, 555 U.S. 113, 119, 129 (2009). Thus, Petitioner's convictions became final on July 18, 2011.

The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Here, Petitioner's convictions became final on July 18, 2011, and he commenced state habeas proceedings on June 21, 2011 before any time ran on his one-year statute of limitations. (Doc. no. 6-1.) The state habeas court denied relief on February 14, 2013, and the period of limitations began running again on March 18, 2013, the date on which the thirty-day period for a filing an application for a certificate of probable cause with the Georgia Supreme Court expired.[1] O.C.G.A. § 9-14-52(b). Although Petitioner filed a timely application for a certificate of probable cause, the application was not "properly filed" because he failed to file a notice of appeal and thus, did not toll the one-year time period. See Wade v. Battle, 379 F.3d 1254, 1262 (11th Cir. 2004) (finding period of limitations

---

[1] March 16, 2013 fell on a Saturday.

began to run after thirty-day period and filing application after that period did not toll AEDPA clock).

Petitioner filed his federal § 2254 petition on August 24, 2015, more than 800 days after the state habeas proceeding ceased to toll the time period. Thus, Petitioner filed the § 2254 petition more than one year after the limitations period began to run, and it is, therefore, untimely.

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, No. 13-150117, -F.3d-, 2015 WL 253285, at *4-5 (11th Cir. Jan. 21, 2015).

Here, Petitioner's only explanation for the tardiness of his federal petition is that he did not have notice of the one-year statute of limitations. (Doc. no. 12, p. 2.) However, Petitioner could have easily apprised himself of the one-year limitations period and failure to

4

act with diligence does not meet the lofty "extraordinary circumstances" threshold described above. Thus, the Court concludes there is no basis for equitably tolling AEDPA's one-year statute of limitations.

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fu`ndamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a <u>severely confined</u> category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not presented any new evidence to suggest that he did not commit the offense with which he was charged such that no reasonable juror would have convicted him. Accordingly, the actual innocence exception does not save the instant petition from being time-barred under AEDPA.

5

In sum, Petitioner's § 2254 petition is time-barred by AEDPA's one-year statute of limitations because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) there is no statutory basis for extending the one-year deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 10), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent..

SO REPORTED and RECOMMENDED this 24th day of March, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA